ROGERS ET AL. *v.* PAUL ET AL.

No. 532. Decided December 6, 1965.

*Jack Greenberg, James M. Nabrit III, Derrick A. Bell, Jr.,* and *George Howard, Jr.,* for petitioners.

*John P. Woods* for respondents.

PER CURIAM.

The petition for writ of certiorari to the Court of Appeals for the Eighth Circuit and the motion to add

parties are granted. The judgment of that court is vacated and the case is remanded to the District Court for the Western District of Arkansas for further proceedings consistent with this opinion.

1. This class action to desegregate the public high schools of Fort Smith, Arkansas, was commenced several years ago in the name of two Negro students. One of the students has since graduated and the other has entered the last high school grade. A motion to add parties is made on behalf of two additional Negro students. It is alleged therein, and not denied by respondents, that these students are in the 10th and 11th grades of high school and that they are members of the class represented, seeking the same relief for all the reasons offered by the original party plaintiffs. That motion is accordingly granted.

2. The desegregation plan adopted in 1957 desegregates only one grade a year and the 10th, 11th and 12th high school grades are still segregated. The students who are petitioners here were assigned to a Negro high school on the basis of their race.* Those assignments are constitutionally forbidden not only for the reasons stated in *Brown* v. *Board of Education,* 347 U. S. 483, but also because petitioners are thereby prevented from taking certain courses offered only at another high school limited to white students, see *Missouri ex rel. Gaines* v. *Canada,* 305 U. S. 337; *Sipuel* v. *Board of Regents,* 332 U. S. 631; *Sweatt* v. *Painter,* 339 U. S. 629. Petitioners are entitled to immediate relief; we have emphasized that "[d]elays in desegregating school systems are no longer tolerable." *Bradley* v. *School Board, ante,* p. 103, at 105. Pending the desegregation of the public high

---

*The constitutional adequacy of the method chosen for assigning students to the schools for purpose of desegregating the lower grades is not before us, and the method contemplated for the high schools is not part of the record.

schools of Fort Smith according to a general plan consistent with this principle, petitioners and those similarly situated shall be allowed immediate transfer to the high school that has the more extensive curriculum and from which they are excluded because of their race.

3. From the outset of these proceedings petitioners have challenged an alleged policy of respondents of allocating faculty on a racial basis. The District Court took the view that petitioners were without standing to challenge the alleged policy, and accordingly refused to permit any inquiry into the matter. The Court of Appeals sustained this ruling, holding that only students presently in desegregated grades would have the standing to make that challenge. 345 F. 2d 117, 125. We do not agree and remand for a prompt evidentiary hearing on this issue.

Even the Court of Appeals' requirement for standing would be met on remand since petitioners' transfer to the white high school would desegregate their grades to that limited extent. Moreover, we reject the Court of Appeals' view of standing as being unduly restrictive. Two theories would give students not yet in desegregated grades sufficient interest to challenge racial allocation of faculty: (1) that racial allocation of faculty denies them equality of educational opportunity without regard to segregation of pupils; and (2) that it renders inadequate an otherwise constitutional pupil desegregation plan soon to be applied to their grades. See *Bradley* v. *School Board, supra.* Petitioners plainly had standing to challenge racial allocation of faculty under the first theory and thus they were improperly denied a hearing on this issue.

*Vacated and remanded.*

Mr. Justice Clark, Mr. Justice Harlan, Mr. Justice White and Mr. Justice Fortas would set the case down for argument and plenary consideration.