Mary Etta BROWN, an infant, by her
Grandfather and next friend, Isiah
Pitts, Plaintiffs,

v.

The BOARD OF EDUCATION OF De-
WITT SCHOOL DISTRICT NO. 1, a
public body corporate, Defendant.

Theora Bradford et al., Intervenors.

No. PB-65-C-44.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Jan. 19, 1966.

John W. Walker, Delector Tiller, Little
Rock, Ark., for plaintiffs.

George E. Pike, DeWitt, Ark., for de-
fendant.

MEMORANDUM OPINION and
DECREE

HENLEY, Chief Judge.

This is a class action brought by plain-
tiffs and intervenors on behalf of them-
selves and other similarly situated, who
are Negro public school students residing
within the borders of DeWitt School Dis-
trict No. 1, Arkansas County, Arkansas,
against the Board of Directors of that
District to bring about an end of alleged
unconstitutional racial segregation with-
in the school system operated by the Dis-
trict. Plaintiffs and intervenors are high
school students at grade levels 10–12.

Insofar as here pertinent, the com-
plaint alleges in substance that white
high school students at the grade levels
just mentioned are afforded public edu-
cation within the District at the DeWitt
High School in the City of DeWitt, Ar-
kansas, but Negro high school students
are required to attend the so-called Im-
manuel School, located in another school
district, and reserved for the education
of Negro students. It is alleged further
that, segregation aside, the curriculum
at Immanuel School is inferior to that
of the DeWitt High School. Plaintiffs
and intervenors seek both preliminary and
permanent injunctive relief.

In due course the defendants filed their
answer denying that plaintiffs and inter-
venors are entitled to the relief sought,
and attached to the answer a copy of the
District's transitional plan of desegre-
gation which has been approved by the
United States Office of Education.

That plan contemplates a gradual de-
segregation of the DeWitt School System
over a period of three years beginning

with the current 1965–66 school year. As far as high school students are concerned, the plan contemplates that the 10th grade will be desegregated at the commencement of the 1966–67 school year, and that grades 11 and 12 will be desegregated at the commencement of the 1967–68 school year, and that with the desegregation of those grades, together with the desegregation of certain elementary grades, complete desegregation of the District's classrooms at all grade levels will be completed.

With regard to faculty desegregation, the plan provides that effective September 7, 1965, all teachers and staff members employed by the District will be assigned without regard to race, color, or national origin, and that as of the same date all general faculty meetings, In-Service Training Programs, and Night Extension Courses will be open to all teachers of the District, regardless of race, color, or national origin.

On September 21, 1965, a hearing was held on the motion for a preliminary injunction, and it was agreed that the evidence produced at that hearing might be considered by the Court in passing upon the ultimate merits of the case.

In the course of the hearing it came to light that in 1949 Negro students of the District had commenced an action in this Court to bring about an equalization of educational facilities under the then prevailing rule laid down in Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256, and related cases. The 1949 suit was heard by the late Judge Harry J. Lemley, and he decreed that the Negro students were entitled to certain relief. Pitts v. Board of Trustees of the DeWitt Special School District, E.D.Ark., 84 F. Supp. 975. No appeal was taken from his decision.

In passing upon the instant case it appeared pertinent as of the time of hearing to determine to what extent the District had complied with Judge Lemley's decree and what steps had been taken to up-grade the formerly all-Negro schools of the District and Immanuel School. To that end counsel for defendants prepared and submitted a proposed stipulation of facts to which counsel for plaintiffs ultimately agreed.

Before the parties had agreed to the stipulation to which reference has been made, and before the Court had rendered any decision herein, the Court of Appeals for this Circuit handed down its decision in Kemp v. Beasley, 8 Cir., 352 F.2d 14, reversing in part the decision of the writer in the so-called El Dorado School case; and on December 6, 1965, the Supreme Court of the United States handed down its per curiam decision in the so-called Fort Smith School case, Rogers v. Paul, 382 U.S. 198, 86 S.Ct. 358, 15 L.Ed. 2d 265.

It is necessary, therefore, for the Court to consider the record before it in the light of the above decisions of the Supreme Court and of the Court of Appeals. The Court has requested and received the views of counsel as to the effect of those decisions on this case.

From the evidence before it the Court finds that all Negro students residing in the DeWitt School District who are in grades 10–12 are now currently being required to attend Immanuel School, which is an all-Negro school and which is located in a district of its own, separate and distinct from the DeWitt District. The Court also finds that as far as curriculum is concerned the Immanuel School is at least somewhat inferior to the DeWitt High School which plaintiff and intervenors desire to attend.

The Court finds that under the Board's transitional plan Negro students who are presently enrolled in the 11th and 12th grades will be required to complete their public school education at the Immanuel School and will never have an opportunity to attend a desegregated public school. The Court finds further that under the plan students who are now enrolled in the 10th grade and who are promoted to the 11th grade at the end of the current session will not have an opportunity to attend a desegregated school until they reach the 12th grade at the beginning of the 1967–68 session. Students now enrolled in the 10th grade

and who fail to be promoted will be assigned to the DeWitt High School at the beginning of the 1966–67 school year.

Without stopping to discuss in detail or to quote from the opinion of the Court of Appeals in Kemp v. Beasley, supra, it is quite clear that as far as the students who are now in the 11th and 12th grades are concerned, the Board's plan is insufficient. And in view of the inferiority of the Immanuel School to the DeWitt High School, it seems clear that under Rogers v. Paul, supra, the plan is also insufficient as far as present 10th graders are concerned.

However, the Court is not persuaded that the Board should be required to abandon its plan for the Negro high school students without regard to their wishes and preferences, particularly in the middle of a school year.

The Court thinks that it will be sufficient to direct the Board to admit to the DeWitt High School at mid-term of the current year such Negro students in grades 10–12, now in attendance at the Immanuel School, as may desire to attend DeWitt High School; and the Board will be directed to so admit such students.

Mid-term is now upon us, and the Board will be expected and required to facilitate expressions of preference by Negro high school students, to honor informal expressions, and to grant requests for transfers if made within a reasonable but comparatively short time after the commencement of the second half of the current school session.

As far as the 1966–67 session is concerned, no problem exists as to 10th graders. As to 11th and 12th graders, the Board will be directed to admit to the DeWitt High School for the 1966–67 session such Negro students in the 11th and 12th grades who express a desire to attend that school. As indicated, at the commencement of the 1967–68 school year all Negro students within the District will be assigned to desegregated schools operated by the District.

As far as school staff and faculty is concerned, there is no evidence that the Board has ever practiced unconstitutional racial discrimination in those areas, and the Court will not presume that such discrimination will be practiced. The Court will point out that the Board has never operated an all-Negro high school, and it has never hired any Negro high school teachers. If the desegregation of the student body at the high school level requires the Board to hire additional personnel, or if vacancies occur at the high school level, the Board will be expected not to discriminate unconstitutionally against Negroes who may apply to the Board for teaching or administrative positions.

Accordingly, it is by the Court considered, ordered, adjudged, and decreed that the defendants herein, their agents, employees, and successors be, and they hereby are, mandatorily enjoined and required to admit to instruction in the DeWitt High School at DeWitt, Arkansas, for the second half of the current school term all Negro students, residents of the DeWitt School District No. 1, who are now being educated at the so-called Immanuel School in grades 10, 11, and 12, and who express a desire or preference to complete the current school session at the DeWitt High School.

It is further considered, ordered, adjudged, and decreed that defendants herein, their agents, employees, and successors be, and they hereby are, mandatorily enjoined and required to admit to instruction in the DeWitt High School at DeWitt, Arkansas, for the 1966–67 school year all of the District's Negro students who will be in the 11th and 12th grades during that year and who express a desire or preference to attend that school during that year.

With regard to the remainder of the current session, defendants, their agents, employees, and successors are directed to facilitate expressions of preference by Negro High School students, to honor informal expressions, and to grant requests for transfers if made within a reasonable time after the commencement of the second half of the session.

With regard to the 1966–67 session defendants, their agents, employees, and successors are directed prior to the expiration of the present session of school to afford to Negro students who will be entering the 11th and 12th grades at the commencement of the 1966–67 sessions an opportunity to express a preference for assignment to the DeWitt High School rather than to Immanuel for that year.

Defendants will bear the costs of the action, but no attorney's fee will be allowed plaintiffs.