Fannie Mae **ROBINSON** et al.,
Appellants,

v.

The **WILLISVILLE SCHOOL DISTRICT**
et al., Appellees.

No. 18731.

United States Court of Appeals
Eighth Circuit.

July 5, 1967.

John W. Walker, Little Rock, Ark., for appellants and Jack Greenberg, Michael Meltsner and Henry M. Aronson, New York City, were with him on the brief.

Charles L. Honey, Prescott, Ark., for appellees.

Before VOGEL, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

This is an appeal from a decision of the United States District Court for the Western District of Arkansas which denied the appellants' motion for a pre-

liminary injunction, granted the appellees' motion for leave to file a third party complaint and made the Oak Grove School District a party to the action, required the appellees to submit a plan of desegregation, and granted other relief.

The Willisville School District (hereinafter referred to as Willisville) operated a single segregated all-white public school until the beginning of the 1966–67 school year. Prior to that date, the sixty to seventy Negro students residing in the District were bussed to the Oak Grove Public School (hereinafter referred to as Oak Grove)—an all-Negro School District—established in the 1930's to provide a public education for Negro students living in Willisville, Oak Grove, Cale, Bodcaw and Laneburg School Districts. During the 1966–67 school year, the only white children residing in Oak Grove, three in number attended Stamp High School, another adjacent school district.

Prior to the beginning of the 1966–67 school year, Willisville, acting in response to the Guidelines established by the Department of Health, Education and Welfare, instituted a plan of desegregation under which students living in the Willsville District were to be given a choice of attending Willisville or Oak Grove. Approximately thirty Negro students residing in the district chose to attend Willisville and were accepted. The remaining thirty to forty Negro students who also registered, but who were not accepted, were residents of County Line (within the Willisville District), a community located about six miles from Willisville and fifteen miles from Oak Grove.

Oak Grove, which relied heavily on federal aid to support its school system, had negotiated with the Department of Health, Education and Welfare over a period of months to get that Department's permission to annex the County Line community into its district, but permission had been refused. It then sought and was refused permission by H.E.W. to have the County Line Negro students continue to attend Oak Grove for the 1966–67 school year. Oak Grove then decided that it could not accept the students without H.E.W. approval because it faced the probability of losing its federal aid if it did so. Willisville also refused to accept the students on the grounds that it did not have all the staff and facilities needed to do so. Thus, the County Line students were not enrolled in either school from early September until Judge Harris issued his order on December 1, 1966.

On October 17, 1966, the appellants commenced this action requesting that Willisville be temporarily and permanently enjoined from denying the appellants, and others in their class, admittance to its public school, and from refusing to provide bus transportation to them solely because of their race or color. The appellants further requested that a declaratory judgment be issued establishing the legal rights of the parties.

Willisville, in its answer, denied that it refused to admit anyone to its public schools because of race or color, and stated that it was unable to accommodate the additional pupils in the school system or to provide bus transportation for them for the school year 1966–67. It requested leave to file a third party complaint making Oak Grove a party to the action. In that complaint, it prayed that Oak Grove be required to admit the appellants and others similarly situated for the remainder of the 1966–67 school year.

A hearing on the various motions was held by Judge Harris on November 29, 1966. He issued an order of December 1, 1966, requiring:

(1) That the appellees be given leave to file a third party complaint, and that Oak Grove be made a party to the action and be given twenty days in which to answer or to otherwise plead.

(2) That Oak Grove accept immediately into its school system those students living in the County Line community.

(3) That all Negro senior students residing within the Willisville School District, but attending Oak Grove, be given

a choice of schools for the second semester of the school year beginning January, 1967.

(4) That Willisville submit a plan for desegregation of its school within thirty days from the date the answer of Oak Grove is due.

The appellants appealed from this order, contending:

(1) That the failure of the District Court to order the admission of the Negro students residing in the Willisville District to the Willisville School denies the students equal protection of the laws;

(2) That the Oak Grove School District is not a proper party to the action, and that the court erred by ordering the Oak Grove District to accept Willisville Negro students; and

(3) That the District Court erred by ordering the school board to submit a plan of desegregation, as no plan is needed where there is only one school in the district.

 We affirm the decision of the District Court insofar as it made Oak Grove a party to this action and required Willisville to submit a plan for desegregation. In so doing, we expressly reserve our opinion as to whether a plan of desegregation which permits students of either or both of the districts to choose the district they desire to attend comports with the Constitution. This issue has not been heretofore determined by this Court, and we prefer that it be initially answered by the District Court after a full evidentiary hearing.

 Since the 1966–67 school year has been completed, the corollary question of whether the District Court erred in failing to order the Willisville School to admit all Negro students residing in said district for that school year is moot. The question, however, remains unanswered with respect to 1967–68 and succeeding school years, and the answer to it shall be determined by the District Court in the proceeding hereinafter referred to.

We remand this matter to the District Court: (1) to hold a full and prompt evidentiary hearing, at which all parties in interest shall be permitted to present relevant testimony and shall be given the opportunity to present proposals to desegregate Willisville; (2) to establish a plan for desegregating Willisville in accordance with the requirements of the Constitution and the decisions of this Court; [1] and (3) to retain jurisdiction for a sufficient period of time to insure that the plan, as approved, is carried out and that a desegregated non-racially operated school district is rapidly and finally achieved.

In the event that a plan of desegregation has not been approved by the District Court prior to the opening of the 1967–68 school year, neither the preliminary order of the District Court, nor this opinion, shall operate to relieve Willisville of any obligations that it may have under the Civil Rights Act of 1964, nor to relieve Oak Grove of any obligations that it may have under said Act or that it may have assumed by agreeing to comply with Guidelines established by the Department of Health, Education and Welfare pursuant to said Act.

Our mandate shall issue forthwith.

---

1. See Rogers v. Paul, 382 U.S. 198, 86 S. Ct. 358, 15 L.Ed.2d 265 (1965), reversing 345 F.2d 117 (8th Cir. 1965); Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958), affirming 257 F.2d 33 (8th Cir. 1958); Kelley, et al. v. Altheimer, et al., 8th Cir., April 12, 1967; Clark v. Board of Education of Little Rock School District, 369 F.2d 661 (8th Cir. 1966); Smith v. Board of Education of Morrilton Sch. Dist. No. 32, 365 F.2d 770 (8th Cir. 1966); Kemp v. Beasley, 352 F.2d 14 (8th Cir. 1965); Norwood v. Tucker, 287 F.2d 798 (8th Cir. 1961); Parham v. Dove, 271 F.2d 132 (8th Cir. 1959).