429 F.2d 11
 Claude Bernard ROBINSON and Julia D. Robinson, Infants, By Melvin Robinson, their father and next friend et al., Plaintiffs-Appellees,
v.
SHELBY COUNTY BOARD OF EDUCATION et al., Defendants-Appellants,
United States of America, by Ramsey Clark, Acting Attorney General, Plaintiff-Appellee-Intervenor.
 No. 20123.
 No. 20124.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1970.
 
 Norman J. Chachkin, New York City, R. B. Sugarmon, Jr., Ratner, Sugarmon, Lucas & Willis, Memphis, Tenn., Jack Greenberg, Norman J. Chachkin, New York City, on the brief, for Claude Bernard Robinson et al.
 R. Lee Winchester, Jr., Memphis, Tenn., Goff, Winchester & Walsh, Memphis, Tenn., on the brief, for Shelby County Board of Education et al.
 Patrick Hardin, Civil Rights Division, Department of Justice, Washington, D. C., Jerris Leonard, Asst. Atty. Gen., James P. Turner, Brian Landsberg, Craig Crenshaw, Sara J. Beery, Attys., Civil Rights Division, Department of Justice, Washington, D. C., of counsel, for the United States.
 Before PHILLIPS, Chief Judge, and WEICK and BROOKS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs have appealed from an order of the District Court denying their motion to require the defendant, Shelby County Board of Education, to adopt immediately a unitary public school system in conformity with the Supreme Court's decision in Alexander v. Holmes County Bd. of Educ., 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969).
 
 
 2
 The Board of Education has appealed from an order of the District Court which approved the Board's desegregation plan but only for the school years 1969-1970. The reason the Court approved the Board's plan for one year only was because —
 
 
 3
 "This Court has concluded that the defendant Board's plan will not, as a long term plan, meet the requirements of Green [391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716], Raney [391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727] and Monroe [391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733]."
 
 
 4
 In a subsequent addendum to the Court's order, the Court pointed out the defects in the Board's plan and ordered that the Board file a new plan for desegregation of the schools, to be effective for the school years 1970 and 1971.
 
 
 5
 The basis of the Board's appeal is that the Court should have continued in effect its plan of desegregation instead of limiting it to one year only.
 
 
 6
 We are advised by counsel that subsequent to the appeals in the present case, the Board under protest did file in the District Court another plan for desegregation, and the HEW Title IV Educational Opportunities Planning Center of the University of Tennessee filed its plan as requested by the District Court. Hearings were conducted on both plans in the District Court, with the result that the District Court did adopt a new plan for desegregation of the public schools. The new plan is not before us but we are advised that an appeal is being taken to this Court from an order of the District Court approving it.
 
 
 7
 The individual plaintiffs have moved this Court to dismiss both appeals (Nos. 20,123 and 20,124) on the ground that the issues have become moot. The Government (which had been allowed to intervene in the District Court) and the Board urge us to decide the issues in the Board's appeal. The Government asks that we affirm the order of the District Court. The Board urges that we reverse the District Court's order and continue in effect its rejected plan.
 
 
 8
 In our opinion, the District Court had continuing jurisdiction over the case before it. The order from which the appeal was taken by the Board has by its terms, expired. The order was applicable only to the school years 1969 and 1970, and those years have ended. The order has been supplanted by an entirely new order of desegregation, which is not before us. No useful purpose would be served for us to pass upon the validity of the old order.
 
 
 9
 Since the old order has expired, we ought not to continue it into effect before considering the new plan adopted by the District Court, particularly since the District Court has expressly found that the Board's plan did not conform to the decisions of the Supreme Court in Green, Raney, and Monroe.
 
 
 10
 In our opinion, the issues in both appeals have become moot. Cf., Robinson v. Willisville School Dist., 379 F.2d 289, 291 (8th Cir. 1967).
 
 
 11
 The motion to dismiss is granted and each appeal is hereby dismissed. Costs in each case will be taxed against the appellant or appellants.