Dr. E. L. SMILEY et al., Plaintiffs,

v.

CITY OF MONTGOMERY et al.,
Defendants.

UNITED STATES of America,
Plaintiff,

v.

CITY OF MONTGOMERY et al.,
Defendants.

Civ. A. Nos. 3708–N, 3739–N.

United States District Court,
M. D. Alabama, N. D.

Oct. 27, 1972.

Solomon S. Seay, Jr., Joseph J. Levin, Jr., Morris S. Dees, Southern Poverty Law Center, Montgomery, Ala., for Dr. E. L. Smiley and others.

Joseph D. Phelps, Drayton N. Hamilton, Walter J. Knabe, Montgomery, Ala., for City of Montgomery, Jim Robinson, Cliff Evans and Jack Rucker.

J. Mac Jones and Richard H. Dorrough, Jones, Murray, Stewart & Yarbrough, Montgomery, Ala., for Montgomery County Commission, Mack McWhorter, W. F. Joseph, Jr., Robert B. Gentry, Ernest W. Russell and W. Chappell Gray.

Truman Hobbs, Montgomery, Ala., for Montgomery City-County Personnel Board and Wade Moss.

David L. Norman, Asst. Atty. Gen., Ira DeMent, U. S. Atty., Montgomery, Ala., David L. Rose, A. Thomas Hunt, Attys., Dept. of Justice, Washington, D. C., for the United States.

Robert B. Stewart, Jones, Murray, Stewart & Yarbrough, Montgomery, Ala., for Water Works and Sewer Board.

## ORDER ON MOTIONS

VARNER, District Judge.

These causes, having been heretofore consolidated by the Court, are submitted on the following motions: Plaintiffs' motion to require the United States to intervene in the suit styled Smiley, et al. v. City of Montgomery, et al.; the Plaintiffs' motion to disapprove the proposed settlement argeement entered in the case styled United States of America v. City of Montgomery, et al.; and motions to dismiss filed severally by the Defendants.

A proposed agreement has been submitted and has been approved by the Court in the case styled United States of America v. City of Montgomery, et al.

The suit styled Smiley, et al. v. City of Montgomery, et al., contains two distinct theories upon which violations of 42 U.S.C. § 1983, are claimed. Plaintiff Paradise, representing himself and that class of black persons wronged by being denied equal employment opportunity by the City and County of Montgomery, files a classic claim of violation of his equal employment opportunity rights by refusal of employment by the City and County, seeking an injunction against further denial of equal employment opportunity for blacks by said Defendants and, in the nature of affirmative relief, his own immediate employment as a security officer. The complaint alleges that Plaintiff Paradise has applied for said job, as well as for other jobs with said Defendants, and has been refused employment because of his race.

The Plaintiffs Smiley, blacks who have never applied for employment with the City or the County, allege that at a certain time and place they were, without good cause, physically mistreated by white policemen, that said mistreatment was caused by the fact that they were black, and that the City of Montgomery, through the years, has effectively barred most blacks from employment in substantial positions by the City and has denied equal employment opportunity to blacks, thereby creating a "white establishment" which does not and will not offer protections and service to blacks equal to those available to whites under the system. The Smileys allege that they represent themselves and members of their class and pray for equal employment opportunities for persons seeking employment by the City and County of Montgomery.

Both the Smileys and Paradise invoked the jurisdiction of this Court under the provisions of 42 U.S.C. § 1983. The relief sought by Plaintiffs is not that ordinarily sought in a suit brought under § 1983. The relief sought is that

usually sought pursuant to the provisions of 42 U.S.C. § 2000e.[1]

The allegations of the treatment of the Smileys cannot be lightly treated. They state clear and precise instances of alleged mistreatment of citizens under color of state law in violation of 42 U.S.C. § 1983. However, not every person who has his eye blacked by an irate policeman may bring a class action against the municipality by alleging that his race is in the minority at City Hall and, therefore, members thereof are not receiving equal protection.

## MOTION TO DISMISS SMILEYS' CLAIM

Dr. and Mrs. Smiley contend they represent the "class of blacks adversely affected by discriminatory operation of the City's programs" and Mr. Paradise represents the "class seeking employment". The only specific relief prayed for here seeks equal employment opportunity for those blacks seeking employment in the future and a job as security officer for Plaintiff Paradise. In short, the only order or judgment which this Court may enter under the pleadings will afford relief only to those seeking employment; those "adversely affected" will benefit only indirectly. While claiming to represent another class, the Smileys seek relief only for the "class seeking employment". Defendants insist, therefore, that the Smileys seek to represent a class to which they do not belong and that they should, therefore, be dismissed from this proceeding. Volume 3-B, Moore's Federal Practice, 23.-04; 2 Barron and Holtzoff, Federal Practice and Procedure, § 467, p. 308. Defendants further rely on the following cases: In Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512, the Court held that black plaintiffs, who had not been arrested, lacked standing to represent other blacks who had been jailed for breach of the peace in demonstrations for equal transportation facilities; in Palmer v. Thompson, 391 F.2d 324 (CCA 5, 1967), the Court held that blacks, not directly affected by segregation statutes as to various governmental functions ranging from recreational to penal facilities, did not have standing to represent other blacks who had sought to utilize such facilities; in Harris v. Echols, 146 F.Supp. 607, 610, (S.D.Ga., 1956), the Court stated that "in the matter of asserting constitutional rights, only one who shows himself injured may complain, and that he cannot champion others who do not choose to complain"; in 3-B, Moore's Federal Practice, 23.04, p. 23-257, the editors state that, in class actions brought to secure civil rights, plaintiffs must "be among those individuals who were objects of the discrimination against which the suit is directed * * *."

The Defendants have moved to strike the Smileys' claim on the ground that they are not members of the class they seek to represent. A similar defense motion was sustained in Wilson v. Kelley, 294 F.Supp. 1005 (N.D.Ga.) aff'd 393 U.S. 266, 89 S.Ct. 477, 21 L.Ed.2d 425.

Contentions similar to those made by the Smileys have occasionally been upheld by the courts. Coleman v. Humphreys County Memorial Hospital, 55 F.R.D. 507 (N.D.Miss.1972); Marable v. Alabama Mental Health Board, 297 F.Supp. 291 (M.D.Ala.1969); United States v. Jefferson County Board of Education, 372 F.2d 836, 883–886, aff'd on rehearing en banc, 380 F.2d 385, cert. den. Caddo Parish School Board v. United States, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103; and Lee v. Macon County Board of Education, 267 F.Supp. 458, 472 (M.D.Ala.) aff'd sub nom. Wallace v. United States, 389 U.S. 215, 88 S.Ct. 415, 19 L.Ed.2d 422. In the last case, the right of minor Negro children to attack policies of unequal employment in

---

1. The courts have apparently consistently held that the sections (1983 and 2000a) are equally available to the oppressed. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189; Sanders v. Dobbs House, Inc., 431 F.2d 1097 (CCA 5).

hiring teachers was upheld. These school cases were the authority cited for the dissenting opinion which was rejected by the Supreme Court in Wilson v. Kelley, supra.

In *Wilson,* plaintiffs, inmates in the Georgia penal system, were seeking desegregation of prison employees on the basis that plaintiffs' rights were infringed by the nonsegregated employees of the Georgia penal system. The majority opinion of the three-judge district court, holding that the inmates, having never applied for a job in the state penal system, lacked standing to attack employment policies of the state penal system, was upheld by the Supreme Court of the United States.

A three-judge court in Marable v. Alabama Mental Health Board, supra, declined to follow *Wilson* in a factual situation where plaintiffs, patients in a state mental health hospital, attacked the discriminatory employment practices of the State Mental Health Board. That court followed the school cases cited above, saying:

"Plaintiffs stand in the same relationship to the hospital staff as students in the public schools stand to their teachers,"

and held that patients, affected secondarily by the unequal employment practices of the state hospital, have standing to attack those practices.

This Court is impressed that, whenever courts have held that persons secondarily affected by an alleged wrong had standing to right that wrong, the alleged wrongs were concerned with conditions of minors or mental deficients who might be assumed, because of their disabilities, to be peculiarly at the mercy of persons in charge. United States v. Jefferson County Board of Education, supra; Lee v. Macon County Board of Education, supra; Coleman v. Humphreys County Memorial Hospital, supra. The instant case does not involve persons who are under such disabilities.

■ This proceeding, in the opinion of this Court, is controlled by the doctrine in Wilson v. Kelley, supra. The damage or injury of the plaintiff must be directly, rather than vaguely, associated with the claimed wrong. Otherwise, spurious or arguably vexatious litigation could be extended immeasurably by allowing suits by persons seeking to right various wrongs for which they claim some vague or indefinite injury. The position of the Smileys may be likened to that of a creditor who seeks to enforce the rights of his debtor so that his debtor may better pay him. Accordingly, Dr. and Mrs. Smiley will be dismissed as Plaintiffs in their suit for equal employment opportunity for other persons.

## MOTION TO REQUIRE GOVERNMENT INTERVENTION

■ This Court is not inclined to require the Government to intervene in the Paradise and Smiley case. The Government's position relative to future employment practices has been expressed to the Court in its settlement of United States v. City of Montgomery, et al., and it is not likely to contribute greatly relative to the question of the rights of Mr. Paradise to employment. The Court is, therefore, of the opinion that Paradise's position and that of his class may best be expounded by Mr. Paradise without the aid of the Government.

Plaintiffs exercised commendable foresight in requesting, to avoid the possibility of jeopardizing settlement negotiations, that Exhibit "A" not be disclosed except to the parties. This Court, upon further reflection, finds that objective continuingly persuasive.

## MOTION TO DISAPPROVE PROPOSED AGREEMENT

■ Plaintiffs' attorneys in Smiley, et al. v. City of Montgomery, et al., object to any settlement being made in United States v. City of Montgomery, et al., on the ground that it would interfere with the Plaintiffs' class rights in Smiley and Paradise. This Court, having recognized this possibility, encouraged

said parties to brief the question, and briefs for all parties and oral argument were considered by the Court. This aspect of the case should not lead one to understand that this is a lawyers' lawsuit or an attempt to "steal a class" to be represented by a plaintiff. The lawyers for the Plaintiffs in both of these cases have agreed not to claim any attorneys' fees from the Defendants, so they cannot be considered to be personally interested from the financial viewpoint. Additionally, it could hardly be said that either side was pre-empting the right to represent any class since the suit filed by Smiley and Paradise was filed prior to the time the Government suit was filed but after the Government had made a public announcement that it expected to file such a suit.

In considering approval of the settlement, it must be remembered that the whole plan is based on, and the first paragraph expresses, the determination of all parties that all unequal employment opportunity will terminate at once and, further, that systematic reports must be made to the Court which will be kept open for review in the event that the plan fails in any of its aspects as provided specifically in Paragraphs 11 and 12 of the plan.

Plaintiffs Smiley and Paradise insist that the Government has failed to adequately represent these Plaintiffs and the class they represent since the Government is not insisting on an employment ratio of one black to one white in the preferential employment of blacks so as to properly gain the correct ratio. Said individual Plaintiffs apparently misunderstand the Government's plan and would, apparently, disregard the parts of the plan to the effect that discrimination in employment opportunity shall terminate immediately and that a black presently employed in an unclassified position shall have a preference for every job where he is equally qualified with other applicants. As to the group of unclassified black employees of the City, Plaintiffs' position would, in this Court's view, work to the detriment of

their class. This proposal is designed to compensate in some degree for past discrimination against the unclassified black employees of the City, as well as to increase the total number of black employees of the City so that blacks will be equally represented in employment. Individual Plaintiffs argue that the one-to-one hiring practices required in NAACP v. Allen, 340 F.Supp. 703 (M. D.Ala.) "is now the law" of this district. This Court does not so understand that case. The law of this district, in its narrow pertinent sense, is that equal employment practices shall be followed by governmental bodies. The method of achieving such equal employment may well, and must, vary from case to case depending upon the nature of the evil sought to be eliminated and the willingness of the parties to cooperate in seeking the goal. Under the agreement, any proposed plan will be subject to revision when and if it fails to accomplish the purpose.

It appears to the Court that the recruiting plan to give adequate notice to the prospective black applicants for jobs, which is proposed in the agreement, is adequate to notify the majority of the blacks in the neighborhood of the availability of jobs with the City.

Paragraphs 7 and 11 provide sufficiently specific methods of reaching the field of prospective employees and the records and reports required by Paragraphs 11 and 12 and the availability of this Court for such further aid as may seem necessary would seem adequate to insure proper recruitment.

Such supplemental relief is also available in the event that qualifications tests are hereafter proposed by the City which do not adequately avoid discriminatory questions. Individual Plaintiffs seem to object to the proposal that five alternative methods of approving tests have been agreed upon, whereas they insist that "every second-year law student" knows that "validation" of each test, requiring, according to some testimony, the expending of at least six months and $40,000.00 per test, is the

only proper way of approving a job qualification test. Even the Plaintiffs' attorney seems to concede that something better is desired and that some more practical method ought to be available to properly certify the propriety of such a test. Obviously, experts agree on the complexities of avoiding discrimination while adequately testing fitness for a job. The parties are to be commended on their willingness to attempt to work out a practical solution to this and their many other problems.

■ This Court would be remiss in not considering as pertinent to this suit the law specifically adopted by Congress in reference to equal employment opportunity, 42 U.S.C. § 2000e. A reading of the Equal Employment Opportunity Act as amended in 1972 manifests the recognition by Congress of private settlement "as an effective end to employment discrimination". Culpepper v. Reynolds Metals Co., 421 F.2d 888 (CCA 5, 1970). While the courts, as heretofore recognized, have held that §§ 1983 and 2000e are equally available for those complaining of unequal employment practices, the statutes must be construed in the light of each other, and it is obvious from a reading of § 2000e that Congress, in its infinite wisdom, concluded that, since 100 years of remedy under § 1983 (passed in 1870) had accomplished so little, serious consideration should be given to securing "voluntary" compliance under equal employment opportunity law. The parties in United States v. City of Montgomery, et al., have, consistent with the intent of Congress, agreed upon "voluntary" compliance, and this Court approves their trying to legally and equitably work out their differences.

It appears to this Court that the case, United States v. City of Montgomery, et al., involves virtually all of the questions made in the Paradise and Smiley case and numerous additional questions as well and that the United States was in a far better position to represent the whole class than are either of the other Plaintiffs in the two cases.

It is, therefore, this Court's opinion that the United States has adequately and properly represented all class plaintiffs in these cases; that the stipulation and settlement agreement of the parties in the case of United States v. City of Montgomery, et al. is a reasonable and proper disposition of issues in the case until circumstances indicate the necessity for change; that certain of the aspects of the case will dispose, at least temporarily, of most of the contentions and issues in the claims of the Smileys and of Paradise; and that the Paradise case should proceed toward trial on the merits.

### ORDER

Pursuant to the foregoing, it is ordered, adjudged and decreed by the Court as follows:

1. That the Motion to Disapprove the Proposed Agreement between parties in case No. 3739–N, styled United States of America v. City of Montgomery, et al., is denied.

2. That the Motions to Dismiss the action as to the claim of Plaintiff, Philip Paradise, both individually and as representative of his class, are denied, and the Defendants are granted 20 days within which to plead further.

3. That the Motions to Dismiss the action as to the claims of Plaintiffs, Dr. E. L. Smiley and Mrs. Mary Jo Smiley, are granted, and the actions of Dr. and Mrs. Smiley are hereby dismissed.

4. That case No. 3708–N, styled Paradise, et al. v. City of Montgomery, et al., be, and the same is hereby, set for hearing on November 14, 1972, at 9:00 o'clock A.M., in Montgomery, Alabama.

5. That the Plaintiffs' Motion to Require Intervention by the United States in Case No. 3708–N, styled Paradise, et al. v. City of Montgomery, et al., is denied.