Marion WILLIAMS, Plaintiff-Appellant,

v.

Cecil McCALL, Chairman, et al., etc.,
Defendants-Appellees.

No. 75–2918
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1976.

Marion Williams, pro se.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

Williams, the plaintiff-appellant, brought a civil rights action under 42 U.S.C. § 1983 against the Georgia State Board of Pardons and Paroles and its chairman, Cecil McCall. Williams, a prisoner in the Georgia prison

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

system, sought damages, and declaratory and injunctive relief. He alleged, among other things, that the Board discriminated against him in failing to grant him a face-to-face interview before denying his application for parole. Although Williams's complaint recognized that Georgia law vested the Board with discretion in the decision whether to grant an interview, Williams contended that the Board abused its discretion by refusing him an interview while granting interviews to other prisoners similarly situated.

The district court, without requiring the defendants to answer, dismissed the complaint. First, the court held that the complaint, styled a § 1983 action, was actually a habeas corpus petition. As such, it was subject to the exhaustion requirements of 28 U.S.C. § 2254(b). These requirements had clearly not been met. Second, the court decided that, construed as a § 1983 action, the complaint did not state a claim, because "parole boards are granted a wide latitude of discretion in matters concerning parole. *Sexton v. Wise*, 5 Cir. 1974, 494 F.2d 1176." We disagree with the action of the district court.

■ The district court's reliance on *Cruz v. Skelton*, 5 Cir. 1974, 502 F.2d 1101, for the proposition that the complaint was properly construed as a habeas corpus petition, was incorrect. In *Cruz*, we held that *Preiser v. Rodriguez*, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439, required the complaint to be viewed as a habeas petition and the petitioner to exhaust his state remedies. In *Cruz*, however, the plaintiff-petitioner challenged not the validity of the parole decision procedure, but the validity of the denial of parole. In the instant case, the complaint does not seek the plaintiff's release. It merely seeks procedural amenities believed to have been arbitrarily withheld. *Preiser* does not require exhaustion in this circumstance. *Cf. Wolff v. McDonnell*, 1974, 418 U.S. 539, 552–554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935, 949–50.

■ In deciding whether a prisoner's pro se complaint states a cause of action, the district court is required to construe the complaint liberally. *Haines v. Kerner*, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652; *Campbell v. Beto*, 5 Cir. 1972, 460 F.2d 765. The complaint must not be dismissed "unless it appears beyond doubt that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." *Farries v. United States Board of Parole*, 7 Cir. 1973, 484 F.2d 948, 949. In view of this broad standard, it was error to dismiss the complaint without affording the plaintiff an opportunity to prove his allegations.

The plaintiff here has alleged that the Board does grant interviews to some similarly-situated applicants for parole, but has arbitrarily refused him such an interview. Georgia law allows, but does not require, an interview. Ga.Code Ann. § 77–516. The Board is allowed to promulgate rules and regulations concerning all of its functions. *Id.* § 77–525. The Board, pursuant to § 77–525, has made the following statement:

*Statewide Inmate Interview Program*
Board members cannot personally interview every inmate being considered for parole. However, under a continuing Board policy, inmates nearing their parole consideration date are automatically selected for interview by Board members if they meet certain criteria.

Georgia State Board of Pardons and Paroles, Rule Book 13 (1975). The Rule Book does not list and define the "certain criteria". The plaintiff may be able to show that under a properly promulgated rule he was entitled to an interview, but arbitrarily denied one.

It cannot be said that, without doubt, there exists no set of facts which would entitle the plaintiff to the relief he demands. As we said in *Campbell*, 460 F.2d at 769:

reversal of the Rule 12(b)(6) dismissal does not necessarily forecast a trial. . . . [T]he case goes back with no

. . . prediction as to the ultimate outcome . . . .

VACATED and REMANDED.[1]

---

1. Because the plaintiff will be given an opportunity to present evidence to the district court, we do not comment here about the possible adequacy of other allegations in the complaint.