Frank James FINLEY,
Plaintiff-Appellant,

v.

Thomas F. STATON, Chairman, et al.,
Defendants-Appellees.

No. 76–2631

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1976.

Frank James Finley, pro se.

William J. Baxley, Atty. Gen., G. Daniel Evans, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before GODBOLD, DYER and HILL, Circuit Judges.

PER CURIAM:

Finley, an Alabama state prisoner, brought this civil rights action under 42 U.S.C.A. § 1983, against the Alabama Board of Corrections and its Chairman. He alleged a denial of both equal protection and due process of law in the Board's failure to admit him into the Alabama work release program. The district court held that Finley's pro se complaint was frivolous, and dismissed the action without requiring the defendants to answer. Because "[i]t cannot be said that, without doubt, there exists no set of facts which would entitle the plaintiff to the relief he demands", we vacate the order of dismissal and remand the cause for an evidentiary hearing. *Williams v. McCall,* 5 Cir. 1976, 531 F.2d 1247, 1248.

Finley alleged that he meets all substantive and procedural requirements qualifying him for Alabama's work release program. He raises an equal protection objection to the state's administrative requirement[1] that sex offenders obtain special certification by the Board in order to be eligible for work release. We agree with the district court that there is no merit to Finley's claim that this requirement amounted to unconstitutional discrimination against sex offenders. *Madison v. Sielaff,* N.D.Ill. 1975, 393 F.Supp. 788; *Wagner v. Holmes,* E.D.Ky.1973, 361 F.Supp. 895.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. Administrative Regulation 410, adopted pursuant to Ala. Code, tit. 45, § 188(3) (1973).

■ Finley makes an alternative argument that the Board of Corrections arbitrarily failed to follow its own regulations in its treatment of his application. The district court held that the complaint did not state a claim for relief regardless of the extensive factual substantiation presented by plaintiff because a prisoner has no constitutional right to work release status. While this may be so, the complaint clearly contains substantial allegations of denial of procedural due process, and seeks to compel the state corrections officials simply to duly administer the "procedural amenities believed to have been arbitrarily withheld". *Williams, supra,* 531 F.2d at 1248.

In view of the broad standard of liberality of construction required of a district court "[i]n deciding whether a prisoner's pro se complaint states a cause of action . . . it was error to dismiss the complaint without affording the plaintiff an opportunity to prove his allegations." *Id.*

VACATED AND REMANDED.