Allen I. LAMAR et al., Plaintiffs,

Allen I. Lamar, Plaintiff-Appellant,

v.

Clyde WHITESIDE et al.,
Defendants-Appellees.

No. 79–1392

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1979.

Allen I. Lamar, pro se.

Renea Hicks, Asst. Atty. Gen., Austin,
Tex., for defendants-appellees.

Before CLARK, GEE and HILL, Circuit
Judges.

PER CURIAM:

The question is whether plaintiff prison
inmates have standing to challenge alleged
discrimination in the hiring of staff by the
Texas Board of Pardons and Paroles. Al-
though the record is sketchy, we assume for
present purposes that the alleged discrimi-
nation involves employees who have direct
contact with prisoners, and who thus partic-
ipate in the parole decision process. Plain-
tiffs claim to suffer "adverse psychological
effect[s]", R.7, from the lack of minority
representation among such employees. We
hold that this alleged "injury" does not give
rise to a case or controversy, U.S.Const. art.
III, § 2, cl. 1, and that appellants according-
ly lack standing.

We recognize that there are situations in
which racial discrimination affects third
parties sufficiently substantially as to cause
"injury" cognizable in the federal courts.
*See, e. g., Trafficante v. Metropolitan Life
Ins. Co.*, 409 U.S. 205, 211–12, 93 S.Ct. 364,
34 L.Ed.2d 415 (1972) (residents of apart-
ment complex had standing to challenge
discriminatory exclusion of applicants for
residence); *Rogers v. Paul*, 382 U.S. 198,
200, 86 S.Ct. 358, 15 L.Ed.2d 265 (1965) (per
curiam) (pupils had standing to challenge
racial allocation of faculty). Here, how-
ever, appellants are not claiming environ-
mental or similar harm of a sort that stems
inherently from racial imbalance. *Cf. Wil-
son v. Kelley*, 294 F.Supp. 1005, 1014–15
(N.D.Ga.) (Tuttle, J., dissenting), *aff'd per
curiam*, 393 U.S. 266, 89 S.Ct. 477, 21
L.Ed.2d 425 (1968). Their theory rather is
that beneficiaries of allegedly discriminato-
ry hiring practices will tend naturally them-
selves to discriminate, to the detriment of
minority prisoners such as appellants. This
claim is unsupported and unsupportable. If
employees of the Board have acted unlaw-
fully to hinder appellants' chances for pa-
role, redress is readily available. *See, e. g.,*

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

*Finley v. Staton,* 542 F.2d 250, 251 (5th Cir. 1976) (per curiam); *Williams v. McCall,* 531 F.2d 1247, 1248 (5th Cir. 1976) (per curiam). It is not enough, however, merely to speculate that an allegedly racially imbalanced work force will have discriminatory proclivities. *See Smiley v. City of Montgomery,* 350 F.Supp. 451, 453–54 (M.D.Ala.1972). *Cf. Rizzo v. Goode,* 423 U.S. 362, 371–72, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *O'Shea v. Littleton,* 414 U.S. 488, 495–97, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

For the reasons set forth above, the order of the District Court is

AFFIRMED.