**Samuel WEISMAN, on behalf of himself and all others similarly situated, Plaintiff,**

**Michael Caro, Intervenor,**

**v.**

**George J. DARNEILLE, F. Arnold Daum, Alex W. Head, John P. Ohl, I. L. Vosko, Beaumont Development Corporation and Webster Securities Limited, Defendants.**

**77 Civ. 2110 (RJW).**

United States District Court,
S. D. New York.

Dec. 19, 1980.

Kaufman, Taylor, Kimmel & Miller, New York City (Stanley L. Kaufman, Irving Malchman, Roger W. Kirby, New York City, of counsel), for intervenor Michael Caro.

Cahill, Gordon & Reindel, New York City (Thomas F. Cumin, Thomas J. Kavaler, New York City, of counsel), for defendants George J. Darneille and F. Arnold Daum.

ROBERT J. WARD, District Judge.

This action seeks damages for the defendants' alleged violation of the federal securities laws and common-law principles of fraud and fiduciary duty. Proposed Intervenor Michael Caro ("Caro") has moved,

pursuant to Rule 24, Fed.R.Civ.P., for leave to intervene as a plaintiff in this action on behalf of himself and all others similarly situated. For the reasons hereinafter stated, Caro's motion is granted.

## Background

Samuel Weisman ("Weisman") commenced this suit as a class action on May 2, 1977, by filing a complaint that sought damages for the defendants' alleged violation of Sections 10(b) and 13(d) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78j(b), 78m(d)), Rule 10b-5 (17 C.F.R. § 240.10b-5 (1980)) and Regulation 13D (17 C.F.R. §§ 240.13d-1—240.13d-7 (1980)) promulgated by the Securities and Exchange Commission thereunder, and common-law principles of fraud and fiduciary duty.[1] Chief Judge MacMahon of this Court denied Weisman's motion to certify the class on behalf of which the action was brought, holding that Weisman was an inadequate representative. *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y.1978). Judge MacMahon subsequently granted defendants' motion to dismiss Weisman's complaint. *Weisman v. Darneille*, 79 F.R.D. 389, 392 (S.D.N.Y.1978).[2] Weisman's appeal of these decisions was dismissed by the Court of Appeals upon being advised by Weisman's counsel that Weisman no longer wished to be a plaintiff in the lawsuit. *Weisman v. Darneille*, No. 78-7422 (2d Cir. Jan. 17, 1979). In so dismissing, the Court of Appeals stated that "[t]his order shall not prejudice the right of another plaintiff to enter the suit within 30 days." *Id.*

On February 2, 1979, Caro moved for leave to intervene in this action. Judge MacMahon denied Caro's motion on the ground that, since the Court's prior decision dismissing Weisman's action had not been appealed, there was no action pending in which Caro could intervene. *Weisman v. Darneille*, 77 Civ. 2110 (LFM) (S.D.N.Y. Mar. 14, 1979). The Court of Appeals reversed Judge MacMahon's decision, remanding the matter "with instructions to consider the application of appellant Caro in accordance with the provisions of Rule 24 of the Federal Rules of Civil Procedure." *Caro v. Darneille*, No. 79-7408, slip op. at 4 (2d Cir. Jan. 9, 1980). The case was transferred to me subsequent to this remand, and is now pending on Caro's renewed motion for leave to intervene.

## Discussion

The Court of Appeals has directed this Court to consider Caro's motion for leave to intervene in accordance with Rule 24, Fed. R.Civ.P. Caro contends that he may intervene as of right pursuant to Rule 24(a)(2), Fed.R.Civ.P. Alternatively, Caro contends that he should be permitted to intervene as a matter of the Court's discretion pursuant to Rule 24(b)(2), Fed.R.Civ.P. The Court considers these two arguments in turn below.

### 1. *Rule 24(a)(2)*

Caro contends that the Court of Appeals has already determined that he may, as of right, intervene in this action pursuant to Rule 24(a)(2), Fed.R.Civ.P.[3] Specifi-

---

1. Basically, the complaint alleges that certain officers and directors of Westates Petroleum Company ("Westates") and other individuals used their inside knowledge and made false SEC filings to profit illegally from the liquidation of Westates. Chief Judge MacMahon dismissed the claims under Section 13(d) of the Exchange Act and Regulation 13D on March 22, 1978, pursuant to Rule 12(b)(6), Fed.R. Civ.P. *See Weisman v. Darneille*, 78 F.R.D. 669, 670 n.3 (S.D.N.Y.1978).

2. After Judge MacMahon denied class certification, defendants tendered Weisman the full amount of his alleged damages. Judge MacMahon reasoned that Weisman's claim was

thereby mooted, and granted defendants' motion to dismiss on that basis.

3. Rule 24(a) reads as follows:

*(a) Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

cally, Caro points to certain statements made by the Court of Appeals in its prior orders in this case, arguing these demonstrate that the Court of Appeals has decided that Caro may intervene as of right. *See Caro v. Darneille, supra,* slip op. at 4 (court's concern for class prompted proviso that dismissal would be without prejudice to the "right of another plaintiff to enter the suit within thirty days"); *Weisman v. Darneille, supra* (order dismissing appeal "shall not prejudice the right of another plaintiff to enter the suit within 30 days"). The Court views these statements to indicate only that the Court of Appeals desired not to prejudice such a right of intervention, *if one indeed existed,* by dismissing Weisman's appeal. It must be noted that the Court of Appeals specifically instructed *"the district court . . .* to consider the application of appellant Caro in accordance with the provisions of Rule 24 of the Federal Rules of Civil Procedure." *Caro v. Darneille, supra,* slip op. at 4 (emphasis supplied). The Court of Appeals, had it believed that the intervention issue was already decided, would not have given the Court this explicit instruction.

◼ Accordingly, it is left to this Court to decide the existence of a right of intervention. Rule 24(a)(2), Fed.R.Civ.P., sets forth a three part test for intervention as of right in a case such as the present one. Under this test, Caro must be permitted to intervene if (1) he claims an interest relating to the property or transaction that is the subject of the action; (2) he is so situated that disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (3) his in-

terest is not adequately represented by existing parties. *See United States Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir. 1978); *Ionian Shipping Co. v. British Law Insurance Co.,* 426 F.2d 186, 189 (2d Cir. 1970). It is not seriously contended that either the first or the third requirement is not satisfied with regard to Caro. As one of the shareholders who was allegedly defrauded by the defendants, there can be no doubt that he claims an interest relating to the transaction which is the subject matter of the action. Further, given Weisman's desire to discontinue his status as the named plaintiff in this action, it is apparent that Caro's interest is not adequately represented by existing parties.

The debate in the present case with respect to the applicability of Rule 24(a)(2) concerns whether the second requirement is satisfied, that is, whether Caro is so situated that disposition of the action may, as a practical matter, impair or impede his ability to protect that interest. Caro states that the governing statute of limitations would likely bar him from instituting a new action based upon the events alleged in the complaint filed by Weisman in this action. Reasoning that, unless he is allowed to intervene here, he may be unable to present his claim at all, Caro argues that "[i]t hardly requires further discussion to conclude" that disposition of the present action may impair or impede his ability to protect his claim.

◼ For the purposes of the present discussion, the Court will assume that the governing statute of limitations prevents Caro from commencing a new action.[4] In

---

4. In view of the manner in which the Court disposes of Caro's instant motion, and its reasons for this disposition, it is unnecessary for the Court to decide this issue. The Court notes, however, that it is rather at a loss to see why Caro would be time-barred from bringing a new action identical to the present one. Judge MacMahon having dismissed Weisman's claims under Section 13(d) of the Exchange Act and Regulation 13D, see note 1 *supra,* the federal securities law portion of the action rests entirely on Section 10(b) of the Exchange Act and Rule 10b-5. The federal securities laws do not provide a specific limitations period for

these provisions. Under the law of this Circuit, the Court accordingly must refer to the state statute of limitations governing actions based on common law fraud. *Stull v. Bayard,* 561 F.2d 429, 431 (2d Cir. 1977), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978). Federal courts sitting in New York have long recognized that the appropriate period of limitations for Section 10(b) claims is set forth by N.Y.Civ.Prac.Law § 213(9). *Panayotopulas v. Chemical Bank,* 464 F.Supp. 199, 204 (S.D.N.Y. 1979). Under N.Y.Civ.Prac.Law § 213(9), claims of fraud must be brought within two years from the time plaintiff discovered, or

essence, Caro argues that, purely because he is time-barred from presenting a particular claim in a newly instituted action, he may intervene as of right to present that claim in a timely-filed action. The Court cannot accept this argument. Intervention under Rule 24(a)(2) requires not only potential harm to the proposed intervenor, but also that this harm be attributable to the court's disposition of the suit in which intervention is sought. Here, the harm to Caro (that is, the applicability of the statute of limitations) will in no way be attributable to the Court's disposition of the present action, but rather will be entirely attributable to Caro's own failure to commence an independent action within the period of limitations. In short, it will be the statute of limitations, and not the Court's disposition of the present case, which impedes or impairs Caro's ability to protect his interest. As a result, Caro has not satisfied the second requirement of Rule 24(a)(2). *See Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1345 (9th Cir. 1977).

The Court is unmoved by Caro's argument that a different result should pertain because Caro, as a member of the class on behalf of which Weisman originally brought this action, relied on the existence of this action to protect his rights. This is an argument against applying the statute of limitations, not an argument in favor of allowing intervention. If Caro's reliance on Weisman's suit is insufficient to toll the statute of limitations for the period during which certification of the class was pending,[5] the Court does not see how such reliance can entitle Caro to intervene in this action as of right. The bar raised by the statute of limitations represents a policy decision that Caro should not be allowed to maintain his claim; in the Court's view, it would be an egregious subversion of this policy decision to hold that the very existence of such a bar is the reason to allow the otherwise precluded claim to be maintained by way of intervention in a timely-filed action.

Accordingly, Caro may not intervene as of right in this action under Rule 24(a)(2), Fed.R.Civ.P.

### 2. Rule 24(b)(2)

■ Caro contends in the alternative that he should be permitted to intervene as a matter of the Court's discretion pursuant to Rule 24(b)(2), Fed.R.Civ.P.[6] There is no

could with the exercise of reasonable diligence have discovered, the fraud, or within six years of the fraud itself—whichever is later. *Bader v. Fleschner*, 463 F.Supp. 976, 981 (S.D.N.Y. 1978). According to the complaint, the fraud here was completed on January 15, 1975, giving Caro *at least* until January 15, 1981 to file an independent action. Indeed, he would certainly have until significantly later than that date to so file because the running of the limitations period in respect of Caro was suspended, at a minimum, during the time between Weisman's commencement of the action and Judge MacMahon's decision not to certify the class. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974); *McCarthy v. Kleindienst*, 562 F.2d 1269, 1271–75 (D.C.Cir.1977). The Court expresses no opinion as to whether the unusual appellate history of Judge MacMahon's decision denying certification means that the statute was tolled for an even longer period. *Cf. Satterwhite v. City of Greenville*, 578 F.2d 987, 997 (5th Cir. 1978), *vacated on other grounds*, 445 U.S. 940, 100 S.Ct. 1334, 63 L.Ed.2d 773 (1980) (appeal of denial of certification continues to toll statute if appeal is successful); *Jime-*

*nez v. Weinberger*, 523 F.2d 689, 696 (7th Cir. 1975), *cert. denied*, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976) (appeal of denial of certification continues to toll statute regardless of outcome on appeal).

5. The Court notes that there is no indication that such tolling did not occur. See note 4 *supra*.

6. Rule 24(b) reads as follows:

*(b) Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in

doubt that Caro's claim and the present action have "a question of law or fact in common," satisfying the prerequisite for permissive intervention set forth in Rule 24(b)(2). As Caro points out, his complaint is virtually identical to that filed by Weisman in the present action, so that Caro's claim and the main action have *all* questions of law and fact in common.

Under Rule 24(b)(2), permissive intervention is wholly discretionary with the trial court. The principal consideration guiding the trial court's discretion is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *United States Postal Service, supra*, 579 F.2d at 191; *Phelps v. Harris*, 86 F.R.D. 506, 511 (D.Conn.1980). Here, defendants have not suggested a single reason why the adjudication of their rights might be unduly delayed or unfairly prejudiced by permitting Caro to intervene, and the Court does not see any such reason. Defendants themselves state that Caro's claim would not be time-barred if he were to assert it in a new action. The Court agrees with this conclusion.[7]

Defendants argue that "[a] denial of intervention will not in any way prejudice any substantial right of Mr. Caro," and urge the Court to deny intervention because "there is no reason why [Caro] should not commence a new action on his own behalf." This argument is meritless. The proper inquiry is whether intervention would prejudice the rights of existing parties, not whether a denial of intervention would prejudice the proposed intervenor. Where, as here, no prejudice to the existing parties is shown, there is no reason why the proposed intervenor should be required to commence a new action on his own behalf. Instead, considerations of judicial economy impel the trial court to exercise its discretion and allow intervention.

the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In sum, Caro should be permitted to intervene in this action as a matter of the Court's discretion pursuant to Rule 24(b)(2), Fed.R.Civ.P.

*Conclusion*

Caro's motion for leave to intervene on behalf of himself and all others similarly situated is granted pursuant to Rule 24(b)(2), Fed.R.Civ.P. Discovery is to be completed by April 15, 1981, and a pre-trial order filed by May 15, 1981.

It is so ordered.

7. See note 4 *supra*. Indeed, even if the statute of limitations were on its face applicable, the Court would be inclined to hold that defendants should be estopped, on account of their repeated assertions that no statute of limitations bar exists here, from raising it as a defense.