Harry J. DIDUCK, individually and as a participant in the Local 95 Insurance Trust Fund and the Local 95 Pension Fund, and on behalf of all other persons who are, will be, or have at any time since January 1, 1980 been participants or beneficiaries in the Funds, similarly situated, Plaintiff,

v.

KASZYCKI & SONS CONTRACTORS, INC.; William Kaszycki; John Senyshyn; Trump–Equitable Fifth Avenue Company; Donald J. Trump; Donald J. Trump d/b/a The Trump Organization; and The Equitable Life Assurance Society of the United States, Defendants.

No. 83 Civ. 6346 (CES).

United States District Court,
S.D. New York.

June 15, 1993.

Hall & Sloan by Wendy E. Sloan, New York City, for plaintiff.

Jay Goldberg, Judd Burstein, P.C. by Judd Burstein, Karen A. Murphy, New York City, for Trump defendants.

Mait, Wang & Simmons by Robert Wang, New York City, for Senyshyn defendant.

## MEMORANDUM DECISION

STEWART, District Judge:

Joseph Hardy and Harvey Sherrod (collectively the Applicants) move to intervene in this action pursuant to Fed.R.Civ.P. 23(d)(2) and 24(a) or (b). Alternatively, they move to be substituted in this action pursuant to Fed. R.Civ.P. 25(a). For the reasons that follow, the motion to intervene is granted.

## BACKGROUND

The underlying facts of this case have been set forth in several prior opinions. *See, e.g., Diduck v. Kaszycki & Sons Contractors, Inc.,* 774 F.Supp. 802 (S.D.N.Y.1991). Familiarity with these opinions is presumed.

The current motion stems from the fact that the named plaintiff, Harry Diduck, recently passed away. Mr. Diduck was, and the Applicants are, members of the House Wreckers Union Local 95 (the Union), and participants in the Local 95 Insurance Trust Fund and Local 95 Pension Fund (collectively the Union Funds).

Mr. Hardy has been a member of the Union since 1952, and a participant in the Union Funds since 1955. He is currently retired, but continues to pay dues to and attend meetings of the Union. Hardy Aff. ¶ 2. Mr. Hardy has also held various leadership positions and ran for president of the Union in 1980. Hardy Aff. ¶¶ 5, 6. Campaign leaflets issued by Mr. Hardy at that time were previously introduced into evidence in this case. Hardy Aff. ¶ 6. Also in 1980, Mr. Hardy visited the Bonwit Teller demolition site.

Harvey Sherrod has been a member of the Union and a participant in the Union Funds since 1961. Sherrod Aff. ¶ 2. Mr. Sherrod regularly attends Union meetings, and as a foreman has supervised Mr. Hardy. Sherrod Aff. ¶ 2.

The Applicants understand that Wendy Sloan, Mr. Diduck's former counsel, is advancing the costs associated with this litigation. Hardy Reply Aff. ¶ 2; Sherrod Reply Aff. ¶ 2. They also understand that they are obligated to pay these costs. *Id.*

The Applicants understand that there are two separate causes of action involved in this case, and that any recovery under either will inure to the Union Funds. Hardy Aff. ¶¶ 3, 4; Sherrod Aff. ¶¶ 4, 5. *See also Diduck v. Kaszycki & Sons Contractors, Inc.*, 737 F.Supp. 792, 797–99 (S.D.N.Y.1990). The second cause of action is brought derivatively, while the sixth is certified as a class action pursuant to Fed.R.Civ.P. 23(b)(1)(B). *Diduck*, 737 F.Supp. at 798–99. The Applicants are also aware of the members of the class which they seek to represent. Hardy Aff. ¶ 3; Sherrod Aff. ¶ 4. Since any relief will accrue to the Union Funds, this Court has held that the provision requiring notice to class members is unnecessary in this case. *Diduck*, 737 F.Supp. at 799.

Defendants the Trump–Equitable Fifth Avenue Company, the Trump Organization, Inc., Donald J. Trump d/b/a the Trump Organization, and the Equitable Life Assurance Society (collectively the Trump Defendants) oppose the Applicants' motion. Stella Senyshyn also submitted a letter opposing the motion. Apparently, Ms. Senyshyn represents the estate of her former husband, John Senyshyn, who was a defendant in this case. Shortly before Mr. Diduck died, he filed a motion to substitute the Estate of John Senyshyn as defendant in place of John Senyshyn. This motion, and all other activity in this case, has been held in abeyance pending the resolution of the motion to intervene.[1] Order, March 10, 1993, 147 F.R.D. 60.

## DISCUSSION

I. Intervention pursuant to Fed.R.Civ.P. 24.

■ The Applicants seek to intervene in both causes of action. The Trump Defendants argue that intervention is not permissible in derivative causes of action. Rather, they maintain that only substitution pursuant Fed.R.Civ.P. 25 is. permitted.

This argument has no merit. Intervention in derivative causes of action is permissible. For instance, in *Cohen v. Bloch*, No. 78 Civ. 3909, slip op., 1981 WL 1718 (S.D.N.Y. April 14, 1981) the plaintiff's derivative cause of action had been dismissed pursuant to Fed. R.Civ.P. 23.1 because she was an inadequate class representative. Prior to entry of judgment, one Harry Lewis moved to intervene. Although Lewis was not permitted to intervene as of right, he was allowed to do so by permission. Moreover, Judge Sweet specifically refuted the contention that Rule 24 did not apply to derivative causes of action: "Rule [24] clearly is applicable and there is no general policy, as defendants suggest, against intervention in these actions. . . ." *Id.* at 2. *See also Abramson v. Pennwood Investment Corp.*, 392 F.2d 759 (2d Cir.1968); *Pikor v. Cinerama Productions Corp.*, 25 F.R.D. 92 (S.D.N.Y.1960); *Truncale v. Universale Pictures Co.*, 76 F.Supp. 465 (S.D.N.Y. 1948).

■ Intervention is also permissible in class actions,[2] which are governed by Fed. R.Civ.P. 23 and 24. *See Groves v. Ins. Co. of North America*, 433 F.Supp. 877, 888 (E.D.Pa.1977). To the extent that Rule 23

---

1. The Trump Defendants had been scheduled to file several motions on April 1, 1993, including: a summary judgment motion on whether the Trump defendants can be held liable as employers under the ERISA statute; a motion to amend the Trump defendants' answer to counterclaim for reformation of the collective bargaining agreement; a motion *in limine* concerning the admissibility of parol evidence; a motion to strike the plaintiff's jury demand; and a motion concerning the Trump defendants' burden on the question of damages. Following Mr. Diduck's death, this Court stayed the proceedings. Order, March 10, 1993. This order provided that if individuals were subsequently permitted to inter-

vene in this action, one week thereafter the Trump Defendants' motions and Ms. Senyshyn's opposition papers would be due. *Id.*

2. A class action can continue despite the mootness of the class representative's claim. For purposes of this motion, it is presumed that Mr. Diduck's claim is moot. Nonetheless, once a class is certified, "the class of unnamed persons described in the certification acquire[ ] a legal status separate from the interest asserted by the [plaintiff]." *Sosna v. Iowa*, 419 U.S. 393, 399, 95 S.Ct. 553, 557, 42 L.Ed.2d 532 (1975).

deals with intervention, it should be construed harmoniously with Rule 24. *See Brown v. Bd. of Education,* 84 F.R.D. 383, 396 n. 8 (D.Kan.1979). Rule 23(d)(2) permits a court to give absentee class members the opportunity "to intervene and present claims or defenses, or otherwise to come into the action." Fed.R.Civ.P. 23(d)(2). Intervention is permitted to "assur[e] that the class is adequately represented." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1799. *See, e.g., Rogers v. Paul,* 382 U.S. 198, 199, 86 S.Ct. 358, 359, 15 L.Ed.2d 265 (1965) (per curiam) (since original representatives claims were, or would shortly be, moot, additional class members were permitted to join class action). Intervention "should be liberally allowed," *see* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1799, especially since members of a class are normally bound by the judgment in the class action.[3]

Since the Applicants can move to intervene in both causes of action, the Court will consider whether they may do so as of right or by permission.

A. Intervention as of Right.

▆ To intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2),[4] the applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir.1992). Unless all four requirements are satisfied, the application will be denied. *Id.* The burden of showing a right to intervene is on the applicant. *See U.S. Postal Service v. Brennan,* 579 F.2d 188, 191 (2d Cir.1978) (citing *Trbovich v. United Mine Workers,* 404 U.S.

528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972)). This burden, however, is minimal. *Id.*

Neither the Trump defendants nor Ms. Senyshyn have contested the Applicants' motion in connection with grounds one and four. Nor could they. The Applicants' motion was timely, and their interest—if one exists—can certainly not be protected by the deceased Mr. Diduck. *See, e.g., Weisman v. Darneille,* 89 F.R.D. 47, 50 (S.D.N.Y.1980) (proposed intervenor's interest could not be adequately represented by plaintiff who was seeking to discontinue action). Moreover, as to the third ground, the Applicants' interest in recovery of monies due to the Union Funds would be impaired by an adverse decision in this case by the principal of stare decisis. *See Oneida Indian Nation of Wisconsin v. New York,* 732 F.2d 261, 265 (2d Cir.1984).

As to the second ground, the Trump defendants contend that the Applicants do not have the requisite interest in this action. The Trump Defendants are certainly correct when they note that to satisfy Rule 24(a)(2), the interest "must be significant, must be direct rather that contingent, and must be based on a right which belongs to the proposed intervenor rather than an existing party to the suit." *In re Penn Central Commercial Paper Litigation,* 62 F.R.D. 341, 346 (S.D.N.Y.1974). The Applicants' interest meets this test. Indeed, the Applicants' interest in the Union Funds—as asserted in both causes of action—is identical to that of Mr. Diduck's. *See Spirt v. Teachers Ins. & Annuity Ass'n,* 93 F.R.D. 627 (S.D.N.Y.1982) (interest requirement met when action threatens the amount of retirement benefits the proposed intervenors will be eligible for). Like *Spirt,* this action will determine whether the various Union Funds that the Appli-

---

3. Indeed, the Advisory Committee Notes to Fed. R.Civ.P. 24(a) provide guidance in this motion:
 A class member who claims that his "representative" does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him.... Rather he should, as a general rule, be entitled to intervene in the action.

4. Fed.R.Civ.P. 24 provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

cants are beneficiaries of will receive the contributions they are allegedly entitled to. Since the *Applicant's* satisfy the four requirements, their motion to intervene as of right is granted.

## B. Intervention by Permission.

 The Applicants' motion to intervene is also granted on the alternative ground as provided in Fed.R.Civ.P. 24(b)(2).[5] This subsection requires that "an applicant's claim or defense and the main action have a question of law or fact in common." Permissive intervention is within the discretion of the trial court, which must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Weisman v. Darneille,* 89 F.R.D. 47, 52 (S.D.N.Y.1980).

In the instant case, the Applicants are entitled to intervene by permission. Clearly, the Applicants' claims and the instant action have common questions of law *and* fact. Indeed, the intervenor's claims raise identical questions of law and fact to those currently before the Court. *See, e.g., Weisman,* 89 F.R.D. at 52 (intervenor's and plaintiff's securities claims against defendant corporation and its officers and directors have the same questions of law and fact). Moreover, the defendants have not shown that they will suffer any prejudice if intervention is granted. *Id.* Accordingly, this Court grants, on alternative grounds pursuant to Fed.R.Civ.P. 24(b)(2), the Applicants' motion to intervene.[6]

## II. Adequacy of Representation.

 The Trump Defendants also argue that the Applicants' motion to intervene should be denied because they cannot "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).[7] Determining whether class representatives meet this requirement "is a question of fact that depends on the circumstances of each case." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1765 (1986). It is a question that is committed to the sound discretion of the district court. *Malchman v. Davis,* 761 F.2d 893, 899–900 (2d Cir.1985) (citations omitted). The class representatives bear the burden of proving that they meet the requirements of Rule 23(a)(4). *McNeill v. New York City Housing Authority,* 719 F.Supp. 233, 252 (S.D.N.Y.1989). However, "[r]ule 23 is given liberal rather than restrictive construction, and courts are to adopt a 'standard of flexibility in application' so that it may best serve the ends of justice and promote judicial economy in a given case." *Id.* (citations omitted). *See also Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 563 (2d Cir.1968).

The Second Circuit recently reaffirmed the standards for adequacy of representation under Rule 23(a)(4): "First, class counsel must be 'qualified, experienced and generally able' to conduct the litigation. Second, the class members must not have interests that are 'antagonistic' to one another." *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992) (quoting *Eisen,* 391 F.2d at 562). *See also General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982) (the commonality and typicality requirements of Rule 23 "tend to merge with adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest").

 Courts have also considered additional factors. For instance, class representatives "must display some minimal level of interest in the action, familiarity with the

---

**5.** Fed.R.Civ.P. 24 provides:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**6.** Since the Court grants the motion to intervene, it will not consider the Applicants' motion to substitute pursuant to Fed.R.Civ.P. 25.

**7.** For derivative causes of action, Fed.R.Civ.P. 23.1 similarly requires the plaintiff to "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Thus, the Court will only analyze the adequacy of representation requirement once.

**60**

practices challenged, and ability to assist in decision making as to the conduct of the litigation." *Wofford v. Safeway Stores, Inc.,* 78 F.R.D. 460, 487 (N.D.Cal.1978). Class representatives who are interested and knowledgeable about the action fulfill a fiduciary role, thereby protecting the interests of the class. *McNeill v. New York City Housing Authority,* 719 F.Supp. 233, 253 (S.D.N.Y.1989). Although class representatives should be knowledgeable, they are not required to know all of the facts relating to an action. *Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 408 (D.N.J.1990). Finally, class representatives must "possess adequate resources for the prosecution" of the claim. *McNeill,* 719 F.Supp. at 253.

 The Applicants meet the requirements set forth in *Drexel Burnham.* First, there is no dispute that counsel for the Applicants is qualified to conduct this litigation. Nor is there a dispute about whether the Applicants' interests are antagonistic to others in the Union. Moreover, the affidavits of the Applicants indicate that they are familiar with the two causes of action involved in this case, and that any recovery under either will accrue to the Union Funds. *Cf. Morgan v. Laborers Pension Trust Fund,* 81 F.R.D. 669, 681 (N.D.Cal.1979) (since class representative seeks rights to a lifelong pension, "it can be assumed that they are keenly interested in the vigorous prosecution of this case"). Finally, the Trump Defendants' request to conduct discovery of the Applicants' resources is not warranted since evidence indicates that counsel is advancing the costs of this litigation. *See Genden v. Merrill Lynch, Pierce, Fenner & Smith,* 114 F.R.D. 48, 53 (S.D.N.Y.1987).[8]

## CONCLUSION

The Applicants motion to intervene in this action is granted, and the stay of proceedings is lifted. The Trump Defendants' motions on various issues are due one week after the date of this order. Similarly, Ms. Senyshyn's

opposition papers are due at the same time. Finally, the caption of this action shall be changed to indicate that Joseph Hardy and Harvey Sherrod are the plaintiffs; Harry Diduck's name shall no longer be listed as a plaintiff. Plaintiffs Hardy and Sherrod shall file an amended complaint that reflects this new caption.

SO ORDERED.

---

[8] The Trump Defendants reliance on *Waldman v. Electrospace Corp.,* 68 F.R.D. 281 (S.D.N.Y.1975) and *Shelter Realty Corp. v. Allied Maintenance Corp.,* 75 F.R.D. 34 (S.D.N.Y.1977) to support their argument on this point is unpersuasive. In *Waldman* and *Shelter Realty,* any investigation of the class representatives' financial resources was prompted by their obligation to provide notice to thousands of other class members. As indicated above, no such obligation exists in the instant case. *See Diduck,* 737 F.Supp. at 799.