MASSACHUSETTS BRICKLAYERS AND
MASONS FUNDS and The Pipefitters'
Retirement Fund Local 598, Individually
and on behalf of all others similarly
situated, Plaintiffs,

v.

DEUTSCHE ALT–A SECURITIES,
et al., Defendants.

No. CV 08–3178.

United States District Court,
E.D. New York.

Feb. 22, 2011.

Robbins Geller Rudman & Dowd LLP, by Samuel H. Rudman, Esq., Melville, NY, for Plaintiffs.

Hagens Berman Sobol Shapiro LLP, by Steve W. Berman, Esq., Seattle, WA, Levetown & Jenkins LLP, by Andrew Levetown, Washington, D.C., for Proposed Intervener.

Latham & Watkins LLP, by Richard D. Owens, Esq., New York, NY, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a class action alleging violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. The claims arise out of Plaintiffs' purchase of mortgage backed securities. The specific instruments purchased were certificates issued by trusts that were established to acquire pools of mortgage loans. The trusts issued the certificates that Plaintiffs allege were sold pursuant to the allegedly false and misleading disclosure documents. Presently before the court is the motion of First Security Bank—Sleepy Eye ("First Security") to intervene.

## BACKGROUND

### I. Prior Proceedings

This case was removed here in 2008, and after a January 2009 denial of a motion to remand, Plaintiffs filed the first amended complaint (the "FAC"). In a Memorandum and Order dated April 6, 2010, this court dismissed, for lack of standing, all claims made with respect to offerings in which Plaintiffs did not purchase securities. *See Massachusetts Bricklayers and Masons Funds and Pipefitters' Retirement Fund Local 598 v. Deutsche Alt–A Securities*, 2010 WL 1370962 *1 (E.D.N.Y.2010). The claims with respect to those trusts were dismissed for lack of standing because the named Plaintiffs did not purchase certificates issued by those trusts.

The court's decision left claims with respect to two trusts—The 2006–AB4 Trust (in which Plaintiff Massachusetts Bricklayers and Masons Trust purchased bonds in the A–1A tranche) and the 2006–AR5 Trust (in which Plaintiff Pipefitters Retirement Trust purchased bonds in the II–A tranche). As to these claims, the court allowed leave to replead. A second amended complaint was filed which limited its claims to only those two remaining trusts in which Plaintiffs purchased interests. Defendants moved to dismiss for failure to state a claim. In December 2010, the court denied that motion. The court has recently denied a motion to stay discovery and this matter is moving forward.

### II. The Present Motion

As noted, First Security seeks to intervene. Unlike the currently named Plaintiffs, First Security did, in fact, purchase certificates in a trust dismissed in April 2010, for lack of standing. Specifically, First Security purchased certificates in the Deutsche Alt–B Mortgage Loan Trust, Series 2006–AB2. (The 2006–AB2 Trust). Thus, First Security

seeks to intervene as a plaintiff so that it may represent a class of Plaintiffs who purchased securities in the 2006 AB2 Trust, and thereby revive one group of claims dismissed for lack of standing in the April 2010 order.

Defendants oppose intervention on the grounds that the intervener's claims are time barred by applicable statutes of limitation and by Rule 24. After outlining applicable legal principles the court will turn to the merits of the motion.

## DISCUSSION

### I. Standard on Motion to Intervene

■■■ First Security seeks to intervene as of right. Such motions are governed by Rule 24(a) of the Federal Rules of Civil Procedure.[1] To intervene as of right, an applicant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir.1992): *St. John's University, New York v. Bolton,* 2010 WL 5186823 *2 (E.D.N.Y.2010). The application may be denied where the proposed intervenor fails to satisfy any one of these requirements. *Id.* The test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria. *See Tachiona v. Mugabe,* 186 F.Supp.2d 383, 394 (S.D.N.Y.2002). Nonetheless, failure to satisfy any one of these requirements is sufficient grounds to deny the application. *See In re Bank of New York Derivative Litig.,* 320 F.3d 291, 300 (2d Cir. 2003); *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 176 (2d Cir.2001).

### II. Applicable Statutes of Limitation

There is no dispute that Plaintiffs' securities law claims are subject to the time limitations set forth in 15 U.S.C. § 77m ("Section 77m"). Thus, to be timely, First Security's claims must be shown to have been commenced "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence," and, in any event, no greater than three years of the date that the security was first offered to the public. 15 U.S.C. § 77m.

### III. Disposition of the Motion

#### A. Timeliness Under Section 77m and Tolling

■■ First Security alleges that it purchased securities in the previously dismissed 2006–AB2 Trust in December of 2007. In light of the facts that the securities purchased by First Security were first offered to the public on May 30, 2006, and First Security did not seek to intervene in this matter until January 11, 2011, there is no question but that, absent any tolling, intervenor's claims are time barred as having been raised in excess of three years of the offering.

■■ As to tolling, the court holds, and the parties acknowledge, that the only tolling theory upon which First Security might rely is that set forth by the Supreme Court in *American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). In *American Pipe,* the Supreme Court held that under certain circumstances, the commencement of a class action tolls the running of the applicable statute of limitations for all class members, even where class status is later denied. *American Pipe,* 414 U.S. at 550, 94 S.Ct. 756. Thus, "the filing of a timely class action complaint commences the action for all members of the class as subsequently determined." *Id.* In such a case, those within the originally named class may intervene to join as individual plaintiffs, and their claims relate back to the commencement of the action. *Id.* at 552–53, 94 S.Ct. 756.

*American Pipe* was decided under the narrow facts presented, allowing for tolling where class claims were dismissed for lack of numerosity. In such cases, class members could later assert individual claims. The parties dispute, and it is not entirely clear, whether *American Pipe* applies where, as

---

1. Rule 24(a)(1), which is not at issue here, provides when intervention is claimed as an unconditional statutory right. *See* Fed.R.Civ.P. 24(a)(1).

here, a claim in a purported class action is dismissed for lack of standing. *See New Jersey Carpenters Health Fund v. Residential Capital, LLC,* 2010 WL 5222127 *5–6 (S.D.N.Y.2010) (noting disagreement as to application of *American Pipe* tolling); *Kruse v. Wells Fargo Home Mortg., Inc.,* 2006 WL 1212512 *5–6 (E.D.N.Y.2006) (rejecting *American Pipe* tolling).

A threshold question that has arisen, here, is whether First Security's claims were ever raised in the now dismissed claims, *i.e.,* whether First Security was ever within the class described in the pleadings herein. If it was not a member of the originally named class, its claims cannot be tolled by *American Pipe,* even if that case is construed to apply to claims dismissed for lack of standing. Thus, the court first turns to the question of whether First Security's claims are within those that were raised and later dismissed for lack of standing by this court.

### i. *Plaintiffs' Class Definition*

■ The language describing the class in each of the three complaints filed in this matter defined the class as "all persons or entities who, between May 2006 and May 2007, acquired" securities from the trusts at issue. This language appears to plainly define the class to include only those who purchased securities within a clearly defined class period of May 2006 through May of 2007. Plaintiffs now seek to define the class as those who purchased securities *pursuant to statements issued* between May 2006 and May 2007. In support of this class definition, Plaintiffs cite to language in their pleadings other that referred to above.

The court has reviewed the complaints filed in this action. While certain paragraphs allege that false statements were made in connection with statements issued between May 2006 and May 2007, the paragraphs of each pleading that define the class, under the heading "Class Allegations," specifically define the class as those who *purchased* securities during the time period set forth above. Original Complaint ¶ 23; FAC ¶ 23; SAC ¶ 39. The court therefore holds that the plain language chosen by Plaintiffs must be construed to define the class as those who purchased securities within the clearly defined class period.

### ii. *Intervener's Claims Are Not Tolled*

■ In light of the fact that First Security did not purchase securities in the previously dismissed trust until December of 2007, its claims fall outside of the originally defined class. Because First Security's claims were never raised in this matter, they never fell within the defined class and *American Pipe* cannot toll their claims.

### B. *First Security Lacks the Interest Required for Rule 24 Intervention*

■ For the same reason set forth above, *i.e.,* First Security was not a member of the named class, intervention is inappropriate pursuant to Rule 24. First Security's purchase date puts its interests outside of the class period set forth in the three complaints filed herein. First Security's failure to purchase the security at issue within the class period defeats the claim that it has the required "interest relating to the property or transaction" that is the subject of this lawsuit. *See* Fed.R.Civ.P. 24(a)(2). As a purchaser after the close of the class period, First Security's interests were never related to this lawsuit, even before the claims relating to the 2006 AB–2Trust were dismissed. In short, because First Security's interest were never at issue in this case, it lacks the required "interest relating to the property or transaction" required to satisfy Rule 24.

### CONCLUSION

For the foregoing reasons, the motion to intervene is denied.

SO ORDERED.