William **BERROYER,** Sr. and Ruth Berroyer, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

No. 10–cv–3888 (ADS)(ARL).

United States District Court, E.D. New York.

May 5, 2012.

Sullivan Papain Block McGrath & Cannavo P.C., by Matthew J. Jones, Esq., Of Counsel, Mineola, NY, for the Plaintiffs.

Loretta A. Lynch, United States Attorney for the Eastern District of New York, by James Halleron Knapp, Assistant United States Attorney, Central Islip, NY, for the United States.

KLG Luz & Greenberg LLP, by Thomas J. Luz, Esq., Of Counsel, New York, NY, for the Proposed Intervenor Technology Insurance Co.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On August 24, 2010, William Berroyer, Sr. ("Mr. Berroyer") and Ruth Berroyer ("Mrs. Berroyer") (collectively, "the Plaintiffs") commenced this action against the United States of America ("the Defendant"), asserting claims pursuant to the Federal Tort Claims Act for money damages arising out of an incident that took place at an Internal Revenue Service ("IRS") building. The Plaintiffs claim that while Mr. Berroyer was meeting with an IRS auditor, his foot became caught in a long telephone and/or utility cord, which caused him to fall into filing cabinets and consequently suffer extensive injuries. Presently before the Court is an unopposed motion by Technology Insurance Co. ("TIC"), Mr. Berroyer's worker-compensation carrier, to intervene in this case pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), or in the alternative, to be granted permissive intervention pursuant to Rule 24(b)(2).

## I. BACKGROUND

On July 23, 2008, Mr. Berroyer was meeting with an IRS auditor named R. Enterlin in a conference room on the sixth floor of an IRS building located at 1180 Veterans Memorial Highway in Hauppauge, New York. According to the Complaint, the Defendant leases these premises pursuant to a written agreement, and thus the Defendant had exclusive possession and control of the premises. The Plaintiffs allege that the Defendant's employees were negligent in that an excessively long telephone and/or utility cord was permitted to be installed, stored, kept, maintained, placed and remain scattered on the floor underneath a conference room table so as to present a trap-like condition and a tripping hazard. In addition, the Plaintiffs contend that the Defendant failed to use reasonable care to coil, bind or otherwise prevent the cord from restricting the movement of Mr. Berroyer's feet when he was arising from a seated position at the table, and thus allowed the floor to remain in a hazardous, defective, and unsafe condition.

The Plaintiffs claim that while Mr. Berroyer was arising from a chair at the conference room table, although exercising due care, his foot became caught and trapped in a long telephone and/or utility cord that had been placed under the table so as to be hidden and non-apparent. The Complaint states that it caused him "to twist and torque violently, lose his balance and fall into filing cabinets located at and near the end of the table striking his right arm and shoulder." (Compl., at ¶ 17.) The Plaintiffs further contend that as a direct and proximate result of this fall, Mr. Berroyer suffered a large number of injuries, including bilateral lower extremities paraplegia and hypotonic; inability to move at his hips, knees or ankles; pain in his back; and spinal cord trauma; and effective confinement to a wheelchair.

Mr. Berroyer claims to be in a great physical, mental, and emotional pain and distress, and has expended, and will continue to expend, large sums of money for medical expenses. In addition, Mrs. Berroyer has as-

serted claims for loss of consortium as Mr. Berroyer's wife.

In addition, and relevant for purposes of this motion, Mr. Berroyer worked for many years prior to his injury as a sales manager at Best–Temp Mechanical Corp. ("Best–Temp"). He also acted as Best–Temp's president, and was a shareholder. He claims that he has been unable to work since the date of the injury and because he believes the injuries are permanent, he will be wholly incapacitated from continuing his occupation as a sales engineer and sharing in the profits of the company, thus, losing future earnings.

During Mr. Berroyer's employment with Best–Temp and at the time of his injury, Best–Temp had a policy of worker compensation insurance ("Policy") with Majestic Insurance Co. ("Majestic"). However, in April 2011, Majestic was placed in conservatorship by the California Department of Insurance. Pursuant to a Loss Portfolio Transfer and Quota Share Reinsurance Agreement dated June 1, 2011 (the "Transfer Agreement"), TIC acquired some of Majestic's assets, including the Policy. Pursuant to the Policy, the carrier—previously Majestic and now TIC—is subrogated to Best–Temp's right against any liable third parties to the extent workers' compensation payments are made on behalf of Best–Temp or its employees under the Policy. Further, pursuant to Section 4.4 of the Transfer Agreement, Majestic specifically transferred its subrogation rights to TIC.

On August 24, 2010, the Plaintiffs brought this action against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, 28 U.S.C. §§ 1346(b)(1), 1402(b), and 2401(b). On December 19, 2011, TIC filed the instant **unopposed** motion to intervene.

## II. DISCUSSION

### A. *Legal Standard on a Motion to Intervene*

■ Under Federal Rule of Civil Procedure 24(a) ("Fed.R.Civ.P. 24(a)" or "Rule 24(a)"), a putative intervenor of right must establish four criteria: "the applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir.2001). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *Sec. Pac. Mortg. and Real Estate Servs., Inc. v. Republic of Philippines*, 962 F.2d 204, 208 (2d Cir.1992) (quoting *Farmland Dairies v. Comm'r of N.Y. Dep't of Agric.*, 847 F.2d 1038, 1043 (2d Cir.1988)).

■ For a party to intervene in a case as of right under Rule 24(a)(2), that party must have an interest in the case that is " 'direct, substantial, and legally protectable.' " *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir.2001) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990)). According to the Second Circuit, "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Wash. Elec.*, 922 F.2d at 97.

■ Intervention may also be granted on a permissive basis under Federal Rule of Civil Procedure 24(b) ("Fed.R.Civ.P. 24(b)" or "Rule 24(b)"). Rule 24(b) provides in part:

> On timely motion, the court may permit anyone to intervene who: ... (B) has a claim or defense that shares with the main action a common question of law or fact.... In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Permissive intervention is thus within the court's broad discretion. *Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y.2003); *see U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 192 (2d Cir.1978). In exercising that discretion, courts consider factors that include " 'the nature and extent of the intervenors' interests,' the degree to

which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Id.* (quoting *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.,* 797 F.2d 85, 89 (2d Cir. 1986)). It is notable that "[t]he test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria." *Mass. Bricklayers and Mason Funds v. Deutsche Alt–A Secs.,* 273 F.R.D. 363, 365 (E.D.N.Y.2011).

In considering a motion to intervene, the court must accept as true nonconclusory allegations of the motion. *Oneida Indian Nation of Wisc. v. New York,* 732 F.2d 261, 265 (2d Cir.1984); *Sackman v. Liggett Group, Inc.,* 167 F.R.D. 6, 20 (E.D.N.Y.1996). Allegations that are frivolous on their face need not be considered by the court. *Bay Casino, LLC v. M/V Royal Empress,* 199 F.R.D. 464, 466 (E.D.N.Y.1999). In addition, "an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention...." *Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d 123 (2d Cir.2001). The putative intervenor has the burden of showing a right to intervene. *In re NASDAQ Market–Makers Antitrust Litig.,* 187 F.R.D. 465, 490 (S.D.N.Y.1998); *Diduck v. Kaszycki & Sons Contractors, Inc.,* 149 F.R.D. 55, 58 (S.D.N.Y.1993).

### B.   As to the Motion to Intervene

#### 1.   Timeliness

A district court has discretion to evaluate the timeliness of a motion to intervene in light of "all the circumstances," including "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir.1994).

In examining the interval between the proposed intervenor's knowledge and the motion to intervene, TIC indicates that it did not obtain any interest in this action until it assumed Majestic's portfolio of assets in June 2011. The motion to intervene was filed on December 19, 2011, approximately six months after TIC knew or should have known of its interest. Courts have denied intervention due to lapse of less time than the present case. *See, e.g., NAACP v. New York,* 413 U.S. 345, 366–69, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973) (four months); *see also United States v. Yonkers Bd. of Educ.,* 801 F.2d 593, 595 (2d Cir.1986) (several months). However, because timeliness is to be determined on a case by case basis, the Court's determination will be based upon all of the circumstances of this case. *NAACP v. New York,* 413 U.S. at 365, 366, 93 S.Ct. 2591.

Here, TIC is in a unique situation because, according to TIC, the conservatorship and subsequent takeover of an insurance company is both rare and burdensome. TIC claims that it was required to process, organize, and analyze all of Majestic's policy files which was a large undertaking, and thus a period of six months after the takeover agreement is not unreasonable under the circumstances. The Court agrees that this is an unusual circumstance in support of a finding of timeliness.

Furthermore, there does not appear to be any prejudice to the existing parties. It is significant that there has been no opposition to TIC's motion to intervene. In addition, although discovery was completed on April 13, 2012, TIC claims that it requires no additional discovery beyond that already obtained or to be obtained by the parties.

Moreover, TIC may suffer prejudice if it is not permitted to intervene because neither party has an incentive to ensure that TIC's lien is satisfied. The Plaintiffs have an interest in keeping whatever payout they ultimately may receive as a result of trial or settlement. TIC claims that this adverse interest is evident in that the Plaintiffs did not supply TIC with the notice required under Worker Compensation law § 227(1) within ninety days of the commencement of this action. The Defendant's interest is merely

to satisfy whatever judgment may ultimately be entered in this case, and if TIC is not a party, the Defendant may have no obligation to pay it anything. The 1966 Amendment to Rule 24(a) was intended to permit intervention where "an absentee would be substantially affected in a practical sense by the determination made in an action ..." *Commack Self-Service Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93, 100 (E.D.N.Y.1996) (quoting Advisory Committee Notes, 1966 Amendment, Federal Civil Judicial Procedure and Rules, at 104).

Accordingly, TIC's application to intervene is timely.

### 2. Other Rule 24(a)(2) Requirements

As stated above, the intervener must have an interest in the action, not otherwise protected, that will be impaired from an unfavorable disposition. In other words, this interest must be "direct, substantial, and legally protectable." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir.2001).

■ Here, it is unquestionable that TIC has a direct interest in this action because TIC's claims arise out of the same transaction and occurrence that is the subject of the instant case. *See Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d at 130 (stating that Rule 24(a)(2) requires "an interest relating to the property or transaction which is the subject of the action."). In particular, both TIC and the Plaintiffs present claims that, among other things, are based upon the failure of the Defendant to exercise due care in creating and/or contributing to a hazardous, defective, and dangerous condition it should have had notice and knowledge of. Moreover, under § 227(1) of the New York's Worker Compensation law, an insurance carrier such as TIC that pays benefits on behalf of an employee has a lien on recoveries from liable third parties. TIC has already paid at least $112,000 for Mr. Berroyer's medical expenses incurred as a result of the injuries and $394,000 in salary indemnity under the Policy. Thus, TIC's interest in recovery is substantial.

Furthermore, TIC's ability to protect its interests may be impeded if it is denied intervention. As stated above, TIC's ability to protect its interests would be impeded because neither party has an incentive to ensure that TIC's lien is satisfied.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED,** that TIC's motion to intervene is GRANTED; and it is further

**ORDERED,** that TIC is directed to file and serve its Intervenor's Complaint within 20 days of the date of this Order; and it is further

**ORDERED,** that the amended caption will read as follows:

WILLIAM BERROYER, SR., RUTH BERROYER, and TECHNOLOGY INSURANCE CO., INC., as subrogee of BEST-TEMP MECHANICAL INC., Plaintiffs,

-against-

UNITED STATES OF AMERICA Defendant.

**SO ORDERED.**